UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | No. SA-19-CR-28-OLG |
| | § | |
| | § | |
| TONY DWAYNE ALBERT, | § | |
| | § | |
| Defendant. | § | |

## BRIEF TO THE COURT

The United States Attorney for the Western District of Texas, by and through its undersigned Assistant United States Attorney, hereby files this Brief to the Court in the above cause. This Brief discusses the verdict of "not guilty by reason of insanity" and trials by evidence stipulation.

## I. Background

On January 23, 2019, defendant Tony Dwayne Albert was indicted in the above cause for Possession of a Firearm by a Person Convicted of Domestic Violence in violation of 18 U.S.C. §922(g)(9). On February 2, 2019, Counsel for the Defendant filed a motion to have the defendant psychologically evaluated. The motion was granted, and the defendant was transported to the BOP Federal Medical Center in Ayers, MA. After conducting his medical evaluation of the defendant, Dr. Shawn Channell opined that while the defendant is currently competent to stand trial, he was insane at the time of the offense. Neither the defense or the Government dispute the findings of competency or insanity. The parties filed a joint Stipulation of Facts and Agreement of Admissibility of Evidence in this cause. (Doc. 56.) This Stipulation is signed by both counsel of record and the defendant. After the bench trial based on the stipulated evidence, the parties will

1

ask the Court to find the defendant not guilty by reason of insanity.

## II. Not Guilty by Reason of Insanity

The Insanity Defense Reform Act of 1984, signed into law on October 12, 1984, was the first comprehensive Federal legislation governing the insanity defense and the disposition of individuals suffering from a mental disease or defect who are involved in the criminal justice system. The Act created a special verdict of "not guilty only by reason of insanity."

The relevant statues that direct the "not guilty by reason of insanity" procedure are 18 U.S.C. §17 and §4242, et sec. According to 18 U.S.C. §17, insanity is an affirmative defense the defendant must prove by clear and convincing evidence. If the defendant raises the defense of insanity pursuant to 18 U.S.C. § 4242(b), the next step is to determine if the defendant was insane at the time he committed the offense. If after a trial the defendant is found "not guilty by reason of insanity," the next steps are outlined in 18 U.S.C. §4243.

Pursuant to 18 U.S.C. § 4243(a), a person who has been found not guilty only by reason of insanity shall be committed to a suitable facility until such time as he is eligible for release. Within 40 days of the verdict of "not guilty by reason of insanity," the Court shall conduct a hearing wherein it considers a psychiatric or psychological report that will be filed with the Court in advance of the hearing. §4243(b)-(c). At the hearing in this cause, the defendant bears the burden of proving by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect. §4243(d). If, after the hearing, the court fails to find by clear and convincing evidence that the defendant's release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect, the court shall commit the person to the custody of the Attorney General. §4243(e). The Attorney General

2

shall release the defendant to the State for treatment or shall hospitalize the defendant in a suitable facility if the State will not assume responsibility for the defendant's care, custody and treatment. *Id*.

Section §4243(f) sets forth the procedures to be followed when the defendant has recovered sufficiently to be discharged from the hospital. Specifically, if the director of the facility described in subsection (e) determines the defendant has recovered to the extent his release or conditional release would no longer create a substantial risk…, the director shall file a certificate with the Court. *Id*. After receiving the certificate, the Court shall release the defendant or order a hearing. *Id*. If, after a hearing, the Court finds the defendant has recovered to the extent that he is no longer a substantial risk to another person or to property, the defendant shall be discharged. *Id*. However, if the Court finds the defendant has recovered, yet still requires a prescribed regimen of medical, psychiatric, or psychological care or treatment, the Court shall conditionally release the defendant. *Id*. Logistically, if the Court orders the defendant on conditional release, the Court should also order Probation to monitor the defendant's regiment of treatment. If the defendant fails to comply with his regimen of treatment, revocation proceedings are described in §4243(g).

The following is an example from the Waco Division wherein the District Judge placed a defendant on conditional release after a verdict of not guilty by reason of insanity, and ordered Probation to monitor his progress. In 2008, defendant Washington was indicted for committing bank robbery. *United States v. Washington*, 764 F.3d 491, 493 (5th Cir. 2014). After being found competent to stand trial, the District Court found Washington not guilty by reason of insanity and committed him to the Bureau of Prisons for evaluation and treatment. *Id*. In 2012, BOP certified that Washington had recovered from his mental disease and should be conditionally released. *Id*. After a hearing, the District Judge released Washington with conditions to include: 1.) remain

3

under the supervision of Probation, 2.) participate in mental health treatment, 3.) take medication, and 4.) reside at a group home. *Id.* Sometime later, after a hearing, the Court revoked Washington's release due to his failure to remain at the group home and his continued danger. *Id* at 496. Washington appealed arguing the Court's requirement that he live in a group home exceeded the scope of 18 U.S.C. §4243, and that he did not pose a threat to the public.

Washington relied on *United States v. Crape*, 603 F.3d 1237 (11th Cir 2010). *Id* at 497-8. Crape had been found not guilty by reason of insanity for mailing threatening letters to the President. *Id.* When placing Crape on conditional release, the District Court imposed a condition that Crape not send any more threatening letters, in addition that he take his medication. *Id.* While on release, Crape sent a threatening letter. *Id.* Crape's conditional release was revoked, and Crape appealed. *Id.* The 11th Circuit reversed Crape's revocation holding that Section 4243 does not empower district courts to add conditions beyond the prescribed regimen. *Id.* The *Washington* Court however, pointed out that *Crape* isn't applicable because Washington's requirement that he live in a group home was recommended as part of his physician-prescribed regimen. *Id.*

In affirming the District Court's revocation of Washington's conditional release, the 5th Circuit emphasized that every substantial risk assessment must turn on the unique factual circumstances of each case rather than on an attempt to compare one individual to another. *Id.* at 500. *See United States v. Mitchell*, 709 F.3d 436 (5th Cir. 2013) (revocation affirmed after doctor reports revealed Mitchell failed to comply with treatment regimen and that releasing him would create a substantial risk of injury to another person).

In *United States v. Stewart*, 452 F.3d 266, (3rd Cir. 2006), the Court found Stewart competent to stand trial, but insane at the time he stabbed a person in the post office. *Id.* at 268. In accordance with 18 U.S.C. §4243(d), Stewart had "the burden of proving by clear and convincing

4

evidence that his release would not create a substantial risk of bodily injury to another person or serious damage to the property of another due to a present mental disease or defect." *Id.* at 269. Under §4243(e), which governs the disposition of a §4243(c) hearing, a district court is only granted authority to either commit the defendant or release him unconditionally. *Id.* at 270. Because Stewart's release under §4243(e) would be subject to no court-imposed conditions whatsoever, Stewart's attorney presented evidence that there would be "safeguards" in place to provide Stewart with a structured and supervised environment. *Id.* At the conclusion of this hearing, the District Court denied Stewart's release pursuant to 18 U.S.C. §4243(e). *Id.* at 271. The Court found Stewart's proposed "safeguards," did not eliminate the danger he otherwise posed. *Id.* at 271.

In *United States v. Murdoch*, 98 F.3d 472, 474 (9th Cir. 1996), experts for the defense and the prosecution agreed that, at the time of the shooting incident, Murdoch was legally insane because he was unable to distinguish right from wrong. The prosecution stipulated to Murdoch's insanity at the time of the shooting. The district court entered a verdict of not guilty by reason of insanity and ordered Murdoch committed to a medical facility for assessment. *Id.* Pursuant to 18 U.S.C. §4243(b), a risk assessment panel was convened to prepare a report addressing whether Murdoch's release from custody would present a substantial risk of injury to others as a result of a present mental disease or defect. *Id.* Pursuant to 18 U.S.C. § 243(c), the district court held a status hearing to determine whether Murdoch should be committed to the custody of the Attorney General. *Id.* The district court determined that Murdoch had "failed to prove by clear and convincing evidence that his release will not pose a substantial risk of injury to ... another person due to a present mental disease or defect." *Id.* at 474-475. The district court reasoned that, although Murdoch was not currently displaying symptoms of a mental illness, if released from custody,

5

Murdoch would be under the same stress that led him to commit the violent acts. *Id*. The Court made this same finding even after Murdoch appealed.

In the case at hand, it is undisputed by the parties that the defendant was insane at the time he committed the offense for which he is indicted. In that regard, Counsel for the Defendant is in contact with a case worker with the Veteran's Affairs Administration in Houston to work on a treatment plan for the defendant, if released by the Court after the required hearing and findings.

### III. Stipulated Bench Trial

Evidentiary stipulations or admissions are binding on the parties and withdraw a fact issue from contention. *United States v. Banks*, 624 F.3d 261 (5th Cir. 2010). At Banks' bench trial, the prosecutor offered into evidence a Stipulation of Evidence. *Id*. at 262. The Stipulation was read into evidence. *Id*. The parties also submitted a Memorandum of Understanding wherein Banks agreed the facts stated in the Stipulation of Evidence are true and he does not object to their admissibility into evidence against him at trial. *Id*. at 262-263. Furthermore, the parties specifically agreed in the Memorandum that the facts stated in the Stipulation of Evidence constitute sufficient evidence for the Court to find Banks guilty beyond a reasonable doubt. *Id*. Banks was ultimately found guilty of committing mail theft and aggravated identity theft based on the stipulated evidence. *Id*. While there was some confusion on whether Banks plead guilty or was found guilty by the trial Court, the trial Court ultimately confirmed it found Banks guilty based on stipulated evidence. *Id*.

In affirming the conviction, the 5th Circuit emphasized that Banks not only stipulated to the veracity of the facts contained in the Stipulation of Evidence, but also agreed with the government that such facts constitute sufficient evidence to find him guilty beyond a reasonable doubt. *Id*. at 264. The Court also pointed out that Banks had the opportunity to object to the sufficiency of the

evidence at his trial, yet failed to do so. *Id. See United States v. Robertson*, 698 F.2d 703, 709 (5th Cir.1983) (recognizing the binding nature of evidentiary stipulations where the defendant "had ample opportunity during the trial to protest the procedure if he disagreed with it" and made "no allegation that he was under any compulsion to make the challenged stipulations or that he had ineffective assistance of counsel" (citations omitted)). *See also United States v. Kleinschmidt*, 596 F.2d 133, 136 (5th Cir. 1979) (stipulations can provide sufficient evidence of the elements of a charged offense); *United States v. Cantu*, 510 F.2d 1003, 1004 (5th Cir.1975) (evidentiary stipulations are binding on the parties); *Jackson v. Louisiana*, 980 F.2d 1009, 1011 n. 7 (5th Cir. 1993) (noting in a civil case that a defendant cannot renounce a stipulation on appeal).

There have been a number of bench trials in the San Antonio Division where stipulated evidence was presented with no live testimony.

1. *United States v. Hernan Ramirez*, SA:14-CR-835-XR. Defendant was indicted for distribution, receipt, and possession of child pornography. In a stipulated bench trial held on October 4, 2016, the Government submitted stipulated evidence which included agent reports, NCMEC reports, expert reports, and a sampling of the child pornography images. No live testimony was presented. After reviewing the stipulated evidence, the Honorable Judge Xavier Rodriguez found the defendant guilty on all counts.

2. *United States vs. Sina Moghtader*, SA:16-CR-516-DAE. Defendant was indicted for retaliating and threatening federal officials. In a stipulated bench trial held on April 11, 2017, both the Government and the Defense submitted stipulated evidence which included offense reports, expert reports, and victim statements. No live testimony was presented. After considering the stipulated evidence, the Honorable Judge David E. Ezra found the defendant not guilty by reason of insanity. After the special verdict, additional psychiatric evidence was presented to the Court.

The psychiatrist testified, and the report detailed, a proposed treatment plan. The defendant was conditionally released with a lengthy list of conditions and mandatory reports to the Court after the Court found the defendant did not pose a substantial risk of bodily injury to another person or serious damage of property of another due to any present mental disease or defect. The psychiatrist provided monthly, then quarterly, updates to all parties and the Court. Eventually, based upon psychiatrist recommendation, supervision ceased.

3. *United States v. Glen McGarity*, SA:18-cr-00436-XR. Defendant was indicted for being a felon in possession of a firearm and passing counterfeit currency. In a stipulated bench trial held on April 1, 2018, the Government submitted stipulated evidence which included offense reports, counterfeit currency findings, and prior felony judgments. No live testimony was presented. After reviewing the stipulated evidence, the Honorable Judge Xavier Rodriguez found the defendant guilty on all counts. The conviction was affirmed by the 5th Circuit in an unpublished opinion, February 26, 2020.

4. *United States v. Mark Anthony Rodriguez*, SA:18-CR-572-FB. Defendant was indicted for distribution, receipt, and possession of child pornography. In a stipulated bench trial held on December 12, 2019, the parties submitted a signed stipulation of facts. Testimony from the motion to suppress hearing was also considered. No live testimony was presented at the bench trial. After reviewing the stipulated evidence, the Honorable Judge Fred Biery found the defendant guilty on all counts.

The Government asks the Court to accept stipulated evidence in the above cause in considering the defendant's verdict. Specifically, both the Government and the Defense not only agree to the facts and stipulations submitted to the Court in Doc. 56, but both parties also ask the Court to find the defendant, Tony Dwayne Albert, not guilty by reason of insanity.

8

Respectfully submitted,

GREGG N. SOFER
United States Attorney

_____/s/_____
SARAH WANNARKA
Assistant U.S. Attorney
Bar Number 24013710
601 NW Loop 410, Suite 600
San Antonio, TX 78216
210-384-7150
Fax 210-384-7118

## CERTIFICATE OF SERVICE

I certify that on November 12, 2020, a copy of the foregoing was served on the attorney of record in this case electronically via the CM/ECF system for the United States District Clerk for the Western District of Texas.

_____/s/_____
SARAH WANNARKA
Assistant United States Attorney